FILED
JUNE 9, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIUSZ JAWORSKI, BOGUSLAW MOSKAL, and RYSZARD BESTER, <br><br> Plaintiffs, <br><br> v. <br><br> MASTER HAND CONTRACTORS, INC., MASTERHAUS BUILDERS, INC., PURCON, LTD., WALTER F. BOCHENEK, and BOGDAN KULIKOWSKI individually, <br><br> Defendants. | Case No. 09 cv 7255 <br><br> Judge Hibbler |

## SECOND AMENDED COMPLAINT

Plaintiffs Dariusz Jaworski, Boguslaw Moskal, and Ryszard Bester (collectively "Plaintiffs"), through their attorneys, for their Complaint against Master Hand Contractors, Inc. ("Master Hand"), Masterhaus Builders, Inc. ("Masterhaus"), Purcon, Ltd. ("Purcon"), Walter F. Bochenek ("Bochenek"), individually, and Bogdan Kulikowski ("Kulikowski"), individually, (collectively "Defendants"), state as follows:

### I. INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), the Employee Classification Act, 820 ILCS § 185/1 *et seq.* ("ECA"), and the Illinois Prevailing Wage Act, 820 ILCS §130/0.01 *et seq.* ("IPWA"), for Defendants' (1) failure to pay minimum wages for all the time worked, (2) failure to pay overtime for all hours worked in excess of forty (40) hours in a

workweek; (3) failure to pay all earned wages for all time worked at the rates agreed upon by the parties; (4) failure to classify Plaintiffs as "employees" as defined by the ECA; (5) firing of Plaintiffs for complaining about Defendants' failure to properly classify them as employees and to properly pay Plaintiffs' minimum wages, overtime wages and other earned wages; and (6) failure to pay the prevailing wage for work Plaintiffs performed on Illinois public works projects.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## III. THE PARTIES

3. At all relevant times herein, Plaintiffs Dariusz Jaworski, Boguslaw Moskal, and Ryszard Bester resided in and were domiciled within this judicial district.

4. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, IWPCA and ECA within this judicial district.

5. At all relevant times herein, Plaintiffs were not exempt from the overtime and minimum wage provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of their employment, Plaintiffs were employed by Defendants as "laborers, mechanics [or] other workers employed in any public works" as defined by the IPWA, for example, Plaintiffs performed work for defendants on public works at the Convent of the Sacred Heart, located at 6200 N. Sheridan Road, Chicago, IL 60660.

7. At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq*.,

and the ECA, 820 ILCS 185/5.

8. Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9. Defendant Master Hand is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant Master Hand is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. At all relevant times herein, Defendant Master Hand was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the ECA, 820 ILCS 185/1 *et seq*.

11. During the course of Plaintiffs' employment, Defendant Master Hand was an Illinois corporation doing business as a "contractor or subcontractor" on State of Illinois and Illinois municipality public works projects as those terms are defined by the IPWA.

12. Defendant Masterhaus is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant Masterhaus is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

13. At all relevant times herein, Defendant Masterhaus was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the ECA, 820 ILCS 185/1 *et seq*.

14. During the course of Plaintiffs' employment, Defendant Masterhaus was an

Illinois corporation doing business as a "contractor or subcontractor" on State of Illinois and Illinois municipality public works projects as those terms are defined by the IPWA.

15. Defendant Purcon is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant Purcon is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

16. At all relevant times herein, Defendant Purcon was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the ECA, 820 ILCS 185/1 *et seq*.

17. During the course of Plaintiffs employment, Defendant Purcon was an Illinois corporation doing business as a "contractor or subcontractor" on State of Illinois and Illinois municipality public works projects as those terms are defined by the IPWA.

18. Defendant Bochenek is an officer and principal shareholder of Defendant Master Hand and was involved in the day to day business operation of Defendant Master Hand. Defendant Bochenek had the authority to hire and fire persons employed by Defendant Master Hand, including the Plaintiffs; the authority to direct and supervise the work of Defendant Master Hand employees; the authority to sign on Defendant Master Hand's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

19. Defendant Bochenek is an officer and principal shareholder of Defendant Masterhaus and was involved in the day to day business operation of Defendant Masterhaus. Defendant Bochenek had the authority to hire and fire persons employed by Defendant

Masterhaus, including the Plaintiffs; the authority to direct and supervise the work of Defendant Masterhaus employees; the authority to sign on Defendant Masterhaus's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

20. Defendant Bochenek is an officer and principal shareholder of Defendant Purcon and was involved in the day to day business operation of Defendant Purcon. Defendant Bochenek had the authority to hire and fire persons employed by Defendant Purcon, including the Plaintiffs; the authority to direct and supervise the work of Defendant Purcon employees; the authority to sign on Defendant Purcon's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

21. Defendant Bochenek operated Defendants Master Hand, Masterhaus and Purcon as an integrated enterprise.

22. Defendant Bochenek was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the ECA, 820 ILCS 185/1 *et seq*.

23. Defendant Kulikowski was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), the IWPCA, 820 ILCS §115/1 *et seq.*, and the ECA, 820 ILCS 185/1 *et seq.*

24. Defendant Kulikowski resides in this judicial district.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiffs incorporate and reallege paragraphs 1 through 24 of this First Amended Complaint as though fully set forth herein.

25. This Count arises from Defendants violation of the FLSA for their failure to pay Plaintiffs the federally mandated minimum wages for all time worked.

26. During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiffs for all time worked in certain work weeks. As a result, their hourly wage fell below the federal minimum wage.

27. Plaintiffs were entitled to be paid the federal minimum wage for all time worked.

28. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

29. Defendants willfully violated the FLSA by refusing to pay Plaintiffs the federally mandated minimum wages for all hours worked.

30. Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked that Plaintiffs worked;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiffs incorporate and reallege paragraphs 1 through 30 of this First Amended Complaint as though fully set forth herein.

31. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiffs the state-mandated minimum wages for all time worked.

32. During the course of Plaintiffs' employment by Defendants, Defendants failed to compensate Plaintiffs for all time worked in certain work weeks. As a result, their hourly wage fell below the Illinois minimum wage.

33. Plaintiffs were entitled to be paid the Illinois minimum wage for all time worked.

34. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

35. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiffs incorporate and reallege paragraphs 1 through 35 of this First Amended Complaint as though fully set forth herein.

36. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

37. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

38. During the course of their employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

39. Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendants did not compensate Plaintiffs at the rate of one and one half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

41. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

42. Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

43. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess

of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law-Overtime Wages

Plaintiffs incorporate and reallege paragraphs 1 through 43 of this First Amended Complaint as though fully set forth herein.

44. This Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

45. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

46. During the course of their employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

47. Pursuant to 820 ILCS 105/4(a), Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

48. Defendants did not compensate Plaintiffs at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work

weeks.

49. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

50. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages

Plaintiffs incorporate and reallege paragraphs 1 through 50 of this First Amended Complaint as though fully set forth herein.

51. This Count arises from Defendants' failure to pay Plaintiffs their earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

52. During the course of Plaintiffs' employment by Defendants, the parties had an agreement that Defendants would compensate each of the Plaintiffs at agreed upon rates for all time worked.

53. Defendants did not compensate each of the Plaintiffs at the rate agreed to by the Parties for all time worked.

54. Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties.

55. Defendants' failure to compensate Plaintiffs for all time worked at the rate agreed to by the parties was a violation of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiffs;

## COUNT VI
**Violation of the Employee Classification Act – Earned Wages and Employment Benefits**

Plaintiffs incorporate and reallege paragraphs 1 through 55 of this First Amended Complaint as though fully set forth herein.

56. This Count arises from Defendants' violation of the ECA, 820 ILCS 185/1 *et seq.* for their failure: to properly classify Plaintiffs as "employees"; to pay Plaintiffs their earned wages as required by the IMWL and IWPCA; to pay unemployment insurance on behalf of Plaintiffs as required by Illinois law; and to provide workers' compensation insurance coverage to Plaintiffs as required by Illinois law.

57. During the course of Plaintiffs' employment with Defendants, Defendants employed Plaintiffs in "construction" as defined by the ECA, 820 ILCS 185/5.

58. During the course of their employment, Plaintiffs were Defendants' "employees" as defined by the ECA, 820 ILCS 185/10.

59. During the course of Plaintiffs' employment, Defendants classified and treated

Plaintiffs as "independent contractors" in that, among other things, Defendants failed to comply with the requirements of the IMWL and IWPCA as described in Counts II, IV and V, *supra*; failed to pay unemployment benefits on behalf of Plaintiffs as required by Illinois law; failed to provide workers' compensation coverage for Plaintiffs as required by Illinois law; and failed to provide Plaintiffs with other employment benefits due them.

60. Defendants' failure to properly classify Plaintiffs as "employees" and failure to pay Plaintiffs the required minimum wages, overtime wages and other earned wages in violation of the IMWL and IWPCA violated the ECA.

61. Pursuant to 820 ILCS 185/60, Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus liquidated damages and additional compensatory damages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:

A. A judgment in the amount of all back wages due under the IMWL and IWPCA as set forth more fully in Counts II, IV and V of this Complaint;

B. Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided for by the IMWL and IWPCA;

C. Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D. Statutory damages in amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E. Reasonable attorneys' fees and costs of this action as provided by the Employee Classification Act, 820 ILCS 185/60; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Violation of the Fair Labor Standards Act -- Retaliation

Plaintiffs hereby reallege and incorporate paragraphs 1 through 61 of this First Amended Complaint as though set forth herein.

62. This Count arises from Defendants' firing of Plaintiffs for complaining about Defendants' failure to properly pay Plaintiffs' minimum wages, overtime wages and other earned wages.

63. During the course of Plaintiffs' employment with Defendants, Defendants repeatedly failed to properly pay Plaintiffs minimum wages, overtime wages and other earned wages, including in or about January 2009.

64. In or about February 2009, Plaintiffs complained to Defendants about Defendants' failure to properly pay Plaintiffs' earned wages.

65. Shortly after Plaintiffs complained, Defendants fired Plaintiffs because of their complaint against the Defendants' failure to properly pay Plaintiffs' earned wages.

66. Defendants' firing of Plaintiffs for their complaint to Defendants for Defendants' Defendants' failure to pay Plaintiffs' earned wages was a violation of the FLSA, 29 U.S.C. §215.

67. As a result of Defendants' retaliatory firing of Plaintiffs in violation of 29 U.S.C. §215, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. Judgment for compensatory, exemplary and punitive damages as provided for by the FLSA;

B. Reasonable attorneys' fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

D. Plaintiffs do not seek reinstatement, back pay or front pay.

## COUNT VIII
### Violation of the IL Employee Classification Act -- Retaliation

Plaintiffs hereby reallege and incorporate paragraphs 1 through 67 of this First Amended Complaint as though fully set forth herein.

68. This Count arises from Defendants' violation of the ECA, 820 ILCS 185/55, by firing Plaintiffs for complaining about Defendants' failure to properly classify Plaintiffs as "employees" and thereby fail to properly pay Plaintiffs in accordance with the IMWL and the IWPCA and failure to provide other required employment benefits.

69. During the course of Plaintiffs' employment with Defendants, Defendants repeatedly failed to properly pay Plaintiffs minimum wages, overtime wages and other earned wages, including in or about January 2009.

70. In or about February of 2009, shortly after Plaintiffs complained, Defendants fired Plaintiffs because of their complaint against the Defendants' failure to properly classify Plaintiffs as "employees" and thereby failure to properly pay Plaintiffs' their earned wages and other employment benefits as required by Illinois law.

71. Defendants' retaliatory firing of Plaintiffs for their complaints to Defendants about Defendants' failure to properly pay Plaintiffs as a result of Defendants' failure to classify Plaintiffs as "employees" was in violation of the ECA, 820 ILSC 185/55.

72. As a result of Defendants' retaliatory firing of Plaintiffs in violation of the ECA, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. Judgment for compensatory, exemplary and punitive damages as provided for by the ECA;

B. Reasonable attorneys' fees and costs incurred in filing this action; and

    C.     Such other and further relief as this Court deems appropriate and just.

    D.     Plaintiffs do not seek reinstatement, back pay or front pay.

## COUNT IX
### Violation of the Illinois Prevailing Wage Act

Plaintiffs hereby reallege and incorporate paragraphs 1 through 72 of this First Amended Complaint as if fully set forth herein.

73.    The matters set forth in this Count arise from Defendants' violation of the prevailing wage provisions of the IPWA, 820 ILCS §130/0.01 *et seq.*

74.    Defendants employed Plaintiffs as "laborers, workers, or mechanics," specifically as "Truck Drivers," on public works projects in Illinois, as defined by the IPWA, 820 ILCS § 130/2. Pursuant to the IPWA, Plaintiffs were entitled to be compensated at the general prevailing rate of hourly wages.

75.    Defendants were obligated to compensate Plaintiffs at no less than the general prevailing rate of hourly wages for periods of time Plaintiffs performed work for Defendants on Illinois state and municipal "public works," as defined by the IPWA.

76.    Plaintiffs were not compensated at the general prevailing rate of hourly wages for work they performed for Defendants on "public works" projects as defined by the IPWA.

77.    In failing to compensate Plaintiffs at the general prevailing rate of hourly wages for work they performed for Defendants on "public works" projects, Defendants violated the IPWA.

78.    Pursuant to 820 ILCS § 130/11, Plaintiffs are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2%) per month of the amount of any penalty to the State of Illinois.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between wages paid and the prevailing wage rate for all employment on public works;

B. Punitive damages pursuant to the formula set forth in 820 ILCS § 130/11;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.


Respectfully submitted,

Dated:  June 4, 2010

s/ Katherine S. Kolon
KATHERINE S. KOLON (ARDC# 021922007)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
ALVAR AYALA (ARDC# 6295810)
Working Hands Legal Clinic
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiff